1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSE DE JESUS RODRIGUEZ,

11           Petitioner,                    No. CIV S-05-1489 MCE GGH P

12       vs.

13   BILL LOCKYER, et al.,

14           Respondents.

15   _____/

16   JOSE DE JESUS RODRIGUEZ,

17           Petitioner,                    No. CIV S-05-1558 DFL DAD P

18       vs.

19   BILL LOCKYER, et al.,

20           Respondents.          ORDER

21   _____/

22           The petitioner in the above-captioned cases is a former state prisoner[1] challenging

23   his 1996 San Joaquin County conviction.  More than a dozen cases have been opened for

24   petitioner in this court, and seven of those cases have concerned petitioner's 1996 conviction in

25   _____

26       [1] Petitioner has indicated that he was released in 2000.  His current address is a private
     address in Stockton, California.

1   some manner.[2]  This order concerns the pleadings filed in the above-captioned habeas cases, both

2   of which are open at the present time.

3             The pleadings in case No. CIV S-05-1489 MCE GGH P consist of the following

4   three documents received for filing on July 25, 2005:  (1) a form petition labeled "Amended

5   Petition," (2) a typed document titled "Supplement to Petition for Writ of Habeas Corpus, and

6   Application for Relief from Default and Motion for Leave to File Late Notice of Appeal," and (3)

7   a typed document titled "Notice of Motion for Supplement to Petition for Writ of Habeas Corpus,

8   and Application for Relief from Default and Motion for Leave to File Late Habeas Petition."

9   The form petition does not bear the case number of any previous case in this court, but one of the

10  typed documents includes the case number CIV S-03-0029 DFL DAD P, the case number MISC

11  S-02-0245 DFL DAD PS, and the numbers of two state court cases.  The Clerk opened a new

12  habeas action and assigned it the number 2:05-CV-01489-MCE-GGH.[3]

13            Petitioner submitted three virtually identical documents less than a month prior to

14  July 25, 2005.  The Clerk received the following documents from petitioner on June 28, 2005:

15  (1) a form petition labeled "Amended," (2) a typed document titled "Amended Petition for Writ

16  of Habeas Corpus; Application for Relief from Untimely Notice of Appeal," and (3) a typed

17  document titled "Application for Relief from Default and Motion for Leave to File Late Notice of

18  Appeal."  The form petition does not bear the case number of any previous action in this court,

19  but both of the typed documents include the case number CIV S-03-0029 DFL DAD P, the case

20  number MISC S-02-0245 DFL DAD PS, and the numbers of two state court cases.  The Clerk

21

22        [2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

23        [3]  Petitioner has noted variations in the case numbers.  Petitioner is informed that the

24  numbers 2:05-CV-01489-MCE-GGH HC and CIV S-05-1489 MCE GGH P convey the same information.  For example, the arabic numeral 2 and the letter S both indicate a case filed in the Sacramento Division of the court.  The first version of the case number is in the numbering style

25  recently adopted by the Clerk's Office in connection with the court's conversion to electronic filing.  The second version of the case number is in the old numbering style still used in most

26  judicial chambers of the court.  Petitioner may use either style in the caption of his filings.

1  filed these three documents in case No. CIV S-03-0029 DFL DAD, a habeas case that was closed

2  on May 23, 2003.  Upon reviewing the documents filed and docketed in the closed case on June

3  28, 2005, the undersigned found that a new habeas action should have been opened.  In an order

4  signed August 4, 2005, and filed August 5, 2005, the undersigned directed the Clerk to open a

5  new habeas action.  The undersigned was unaware that a new habeas action had been opened for

6  petitioner ten days earlier.  Pursuant to the August 5, 2005 order, the Clerk opened a new habeas

7  action and assigned it the number 2:05-CV-1558 DFL DAD.

8            Case opening documents were sent to petitioner on July 25, 2005, for case No.

9  CIV S-05-1489.  Case opening documents were sent to petitioner on August 5, 2005, for case

10  No. CIV S-05-1558, together with the order advising petitioner that his amended petition had

11  been misfiled in case No. CIV S-03-0029 and should have been filed as a new action.  Despite

12  his receipt of these two sets of documents within a two-week period, petitioner did not notify the

13  court that he had received two case numbers for his new habeas case.

14            On March 27, 2006, chambers staff for the judges assigned to the two cases were

15  informed that petitioner had called the Clerk's Office to advise the court that he had submitted an

16  amended petition when ordered to do so in case No. CIV S-05-1489 but his amended petition

17  was opened up as case No. CIV S-05-1558.  Petitioner stated that he should have only one case.

18  As suggested by Clerk's Office staff, petitioner subsequently filed documents in both cases

19  asserting that these two actions are "one and the same" and should be combined.  In the

20  document filed on March 28, 2006, petitioner asserts that he has amended his petition five or six

21  times and the court has "retitled, renumbered, lost, or destroyed it in the confusion."  Petitioner

22  requests that the court instruct him on how to proceed.

23            A review of the dockets for the two open habeas cases shows that petitioner is

24  plainly mistaken with regard to any assertion that an amended petition intended for filing in case

25  No. CIV S-05-1489 was mistakenly opened as a new case.  All of the documents filed in case

26  No. CIV S-05-1558 were received on June 28, 2005, and were filed in case No. CIV S-03-0029

1  on that date. Those documents were re-filed as a new case on August 5, 2005. It was not until

2  August 24, 2005, that Judge Hollows dismissed the petition in case No. CIV S-05-1489 and

3  granted petitioner thirty days to file an amended petition. If petitioner submitted any amended

4  petition pursuant to the August 24, 2005 order, the pleading was not filed in either case No. CIV

5  S-05-1489 or case No. CIV S-05-1558. Amended petitions filed in prior cases do not constitute

6  amended petitions in his new proceedings.

7           Pursuant to Local Rule 81-190(d), case No. CIV S-05-1489 MCE GGH P will be

8  reassigned to the Judge and Magistrate Judge who considered petitioner's prior habeas petitions

9  challenging his 1996 San Joaquin County conviction. The court will not consolidate two cases

10 that are, as petitioner puts it, "one and the same." Petitioner's suggestion that the cases be

11 consolidated will be construed as a request to dismiss one of the cases as duplicative of the other.

12 Because case No. CIV S-05-1558 contains the new pleadings first submitted by petitioner on

13 June 28, 2005, that is the case in which petitioner will proceed. Case No. CIV S-05-1489,

14 opened on July 25, 2005, will be dismissed as duplicative.

15          All documents subsequently submitted for filing in petitioner's pending habeas

16 action shall be captioned for filing in case number CIV S-05-1558. Petitioner is advised that all

17 previous cases concerning his 1996 conviction are closed,[4] and case No. CIV S-05-1489 will be

18 closed pursuant to this order. Petitioner is directed not to reference the number of any closed

19

20      [4] The following closed cases concern petitioner's 1996 conviction and related matters:
   (1) MISC S-02-0095 DFL PAN PS, a case against San Joaquin County, dismissed on April 10,
21 2002, with leave to file a petition for writ of habeas corpus; (2) MISC S-02-0245 DFL DAD PS,
   a case against the San Joaquin County Superior Court and the People of the State of California,
22 dismissed January 9, 2003, with instructions to the Clerk of the Court to open a civil case; (3)
   CIV S-02-0520 WBS JFM PS, a case against jail officials and police officers, dismissed
23 September 9, 2002, for failure to appear at the status conference and failure to serve process on
   all defendants; (4) CIV S-03-0029 DFL DAD P, opened on January 9, 2003, pursuant to the
24 order filed in MISC S-02-0245 DFL DAD PS, and dismissed on May 23, 2003, due to
   petitioner's failure to file an amended habeas petition; and (5) CIV S-03-2685 DFL DAD P,
25 dismissed on March 22, 2004, for failure to file an amended petition, reopened on May 25, 2004,
   for consideration of petitioner's untimely amended petition, and dismissed without prejudice on
26 September 28, 2004, for failure to exhaust state remedies.

1   federal case in the caption of any document submitted for filing in case No. CIV S-05-1558.

2   After case No. CIV S-05-1489 is closed, the court will issue further orders concerning case No.

3   CIV S-05-1558.  Petitioner is directed not to file any motions or requests until the court issues its

4   next order in case No. CIV S-05-1558.

5                    Accordingly, IT IS HEREBY ORDERED that:

6                    1.  Pursuant to Local Rule 81-190, case No. CIV S-05-1489 MCE GGH P is

7   reassigned to Judge David F. Levi and Magistrate Judge Dale A. Drozd; henceforth, the caption

8   on any document filed in case No. CIV S-05-1489 shall be shown as No. CIV S-05-1489 DFL

9   DAD P;

10                   2.  The Clerk of the Court shall make appropriate adjustment in the assignment of

11  civil cases to compensate for this reassignment;

12                   3.  The documents filed by petitioner on March 28, 2006, and April 7, 2006, in

13  case No. CIV S-05-1489 and case No. CIV S-05-1558, together with the document filed by

14  petitioner on April 13, 2006, in case No. CIV S-05-1489, are construed as a request for dismissal

15  of the duplicative case, and, so construed, the request is granted;

16                   4.  All pending motions and requests in case No. CIV S-05-1489 are denied

17  without prejudice to further proceedings in case No. CIV S-05-1558; and

18                   5.  The Clerk of the Court is directed to close case No. CIV S-05-1489.

19  DATED: April 21, 2006.

20

21                                                        _____

22                                                        DALE A. DROZD
                                                          UNITED STATES MAGISTRATE JUDGE

23  DAD:13
    rodr1558.dup

24

25

26

5