1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSE DE JESUS RODRIGUEZ,

11              Petitioner,                No. CIV S-05-1558 DFL DAD P

12        vs.

13   BILL LOCKYER,  Attorney General
     of the State of California,
14
                Respondent.              ORDER
15   _____/

16              Petitioner is a former state prisoner proceeding pro se with a petition for writ of

17   habeas corpus.  Petitioner has paid the required filing fee.

18              This case is one of six in which petitioner has sought relief concerning his 1996

19   San Joaquin County conviction.[1]  Pursuant to the court's order filed on April 24, 2006, in this

20   case and in case No. CIV S-05-1489, petitioner's duplicative case has been dismissed.

21   _____

22        [1]   See Rodriguez v. County of San Joaquin, case No. MC S-02-0095 DFL PAN PS
     (dismissed on April 10, 2002, with leave to file a petition for writ of habeas corpus); Rodriguez
23   v. San Joaquin Superior Court, et al., case No. MC S-02-0245 DFL DAD PS (dismissed on
     January 9, 2003, with instructions to the Clerk of the Court to open a habeas action); Rodriguez
24   v. San Joaquin Superior Court, et al., case No. CIV S-03-0029 DFL DAD P (opened pursuant to
     the order filed in case No. MC S-02-0245 and dismissed on May 23, 2003, due to petitioner's
25   failure to file an amended petition); Rodriguez v. San Joaquin Superior Court, et al., case No.
     CIV S-03-2685 DFL DAD P (dismissed on September 28, 2004, due to petitioner's failure to
26   exhaust state remedies); and Rodriguez v. Bill Lockyer, case No. CIV S-05-1489 DFL DAD P
     (dismissed on April 24, 2006, as duplicative of case No. CIV S-05-1558).

                                    1

The duplicative petition in case No. CIV S-05-1489 was properly dismissed on August 24, 2005, with leave to amend.  The court's August 24, 2005 order raised jurisdictional concerns and directed petitioner to clarify his custody status in the amended petition.  Petitioner was also ordered to state the factual and legal basis for each of his claims, as required by Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Petitioner did not file an amended petition.  By order filed on February 3, 2006, in case No. CIV S-05-1489, petitioner was given one final opportunity to file an amended petition.  Petitioner did not comply with the order.

Due to the defects of petitioner's pleading, the court is unable to determine whether petitioner may be entitled to any relief in this court.  It appears from the pro se petitioner's filings in case No. CIV S-05-1489 and in this action that he is either unable or unwilling to amend his petition to allege facts establishing jurisdiction or to articulate a legal and factual basis for each of his grounds for relief.  The court will direct the respondent to file a response to petitioner's habeas petition so that a record can be made with regard to such matters as jurisdiction, exhaustion of state court remedies, and application of the statute of limitations.

In a letter that accompanied petitioner's June 28, 2005 filings, petitioner refers to "two motions addressing the untimeliness issue."  Petitioner's motions will be denied without prejudice.  If respondent moves to dismiss the habeas petition on timeliness grounds, petitioner should set forth his arguments concerning timeliness in opposition to the motion.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motions filed June 28, 2005 (docketed as documents #2 and #3) are denied;

2.  Respondent is directed to file a response to petitioner's habeas petition within thirty days from the date of this order.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  See Rule 5, Fed. R. Governing § 2254 Cases;

2

1    3.  If the response to petitioner's habeas petition is an answer, petitioner's reply to

2    the answer shall be filed and served within thirty days after the answer is served;

3    4.  If the response to petitioner's habeas petition is a motion, petitioner's

4    opposition or statement of non-opposition to the motion shall be filed and served within thirty

5    days after the motion is served, and respondent's reply to petitioner's opposition shall be filed

6    and served within fifteen days after the opposition is served; and

7    5.  The Clerk of the Court shall serve a copy of this order together with a copy of

8    petitioner's June 28, 2005 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

9    (docketed as document #1) upon Jo Graves, Senior Assistant Attorney General.

10   DATED: April 26, 2006.

11

12   _Dale A. Drozd_

13   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

14   DAD:13
     rodr1558.100fee

15

16

17

18

19

20

21

22

23

24

25

26