IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DE JESUS RODRIGUEZ,

Petitioner, No. CIV S-05-1558 DFL DAD P

vs.

BILL LOCKYER, Attorney General of the State of California,

Respondent. /

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner is a former state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition on the grounds that this court lacks jurisdiction, the petition is successive, untimely, and unexhausted, and Ground One of the petition fails to state a cognizable federal question. Pursuant to the court's order filed September 7, 2006, petitioner filed opposition to respondent's motion on September 12, 2006.

For the reasons set forth below, the undersigned will recommend that respondent's motion be granted.

BACKGROUND

This case is the sixth in which petitioner has sought relief in this court concerning his 1996 San Joaquin County conviction: Rodriguez v. County of San Joaquin, case No. MC S-

02-0095 DFL PAN PS (miscellaneous case dismissed April 10, 2002 with leave to file a petition for writ of habeas corpus); Rodriguez v. San Joaquin Superior Court, et al., case No. MC S-02-0245 DFL DAD PS (miscellaneous case dismissed January 9, 2003 with instructions to the Clerk of the Court to open a habeas case); Rodriguez v. San Joaquin Superior Court, et al., case No. CIV S-03-0029 DFL DAD P (habeas case opened pursuant to order filed in case No. MC S-02-0245, dismissed May 23, 2003 due to petitioner's failure to file an amended petition); Rodriguez v. San Joaquin Superior Court, et al., case No. CIV S-03-2685 DFL DAD P (habeas case dismissed September 28, 2004 due to petitioner's failure to exhaust state remedies); and Rodriguez v. Bill Lockyer, case No. CIV S-05-1489 DFL DAD P (habeas case dismissed April 24, 2006, as duplicative of case No. CIV S-05-1558).

The undersigned directed respondent to file a response to the habeas petition filed in this case on June 28, 2005, so that a record could be made with regard to such matters as jurisdiction, exhaustion of state court remedies, and application of the statute of limitations.

THE PETITION FILED JUNE 28, 2005

Petitioner challenges a judgment of conviction entered in 1996. He alleges that he received a sentence of sixteen months but was not released until 2000 because his sentence was "enhanced" three times. Although petitioner alleges that he had a bench trial, he further alleges that he entered a plea of guilty to one count of possession of marijuana for sale in violation of California Health and Safety Code § 11359 and that he bargained for a sixteen-month sentence on that charge. He alleges that he entered a plea of not guilty to two counts of robbery and that those counts were dismissed.

With respect to exhaustion, petitioner alleges that he filed numerous motions in the San Joaquin County Municipal Court, that he received denials too numerous to remember, and that all his appeals to the Superior Court were denied. Petitioner alleges that the grounds raised in the San Joaquin County courts consisted of or included "Double Jeapardy [sic], Plea Bargain was repudiated."

Petitioner does not allege that he pursued a direct appeal to the California Court of Appeal and the California Supreme Court. Petitioner alleges that he sought collateral review in the California Court of Appeal for the Third Appellate District in a petition for writ of habeas corpus that was summarily denied by Justice Blease on November 14, 1996. Petitioner alleges that the ground raised in the petition was "resentencing violated Double Jeopardy prohibition."

Petitioner has marked a box on the form indicating that his first and second petitions were appealed to the highest state court. However, it is unclear what petitions he considers his first and second. He makes the following statement concerning exhaustion:

> Petitioner appealed to the California supreme Court pursuant to a Federal Court order (entered in this court) mandating him to "Exhaust" habeas proceedings in the "california Supreme Court." The result is that Habeas corpus has now been denied twice (2) and that petitioner has complied with this Court's order to do so. And, he is estopped from seeking further review in the california supreme Court.

(Pet. at (4).)

Petitioner alleges that he has filed federal habeas corpus cases in this court on the grounds that "repudiation of the plea was illegal; petitioner did not commit the subsequent crimes of roberry [sic]" and that "he even submitted copies of the Court verdict of not guilty, but was still reconvicted." (Pet. at (3).)

Petitioner's first ground for relief is a conclusory contention that virtually every decision rendered in his state court proceedings was contrary to federal law:

> upon review of this petition this federal court will easliy [sic] find and determin [sic] that it will have to grant the great writ where it will find that the State courts have continually arrived at too many conclusions opposite to that reached by the United States Supreme Court on a set of materially indistinguishable facts primarily because petitioner has been denied Due process and counsel at every stage of the proceedings and where said denials combined with the fact that he is not a lawyer and that is pleadings were attacked for not being technically non-compliant and sometime defective.

(Pet. at (5).)

Petitioner's second ground for relief consists of argument concerning this court's jurisdiction over his claims. Petitioner admits that he is not imprisoned but cites collateral consequences stemming from the conviction which he seeks to challenge. (Pet. at (5).)

Petitioner's third ground for relief concerns the state court's denial of trial transcripts petitioner requested for the purpose of citing the record on appeal. (Pet. at (6).)

Petitioner's fourth ground for relief is that he was denied effective assistance of counsel at trial and in post-conviction proceedings. In this regard, petitioner alleges that he pleaded with an unspecified court to provide counsel but all requests were summarily denied. (Pet. at (6).)

Petitioner appears to indicate that he did not previously present ground four to any court, but confusingly describes ground four as a claim that he "did not commit the parole violations as alleged." This claim concerning parole violations would appear to actually be ground five presented by the petition. (Pet. at (6).)

Petitioner's final claim, which he designates as "Ground 5" but which actually appears to be the sixth ground for relief presented, is described by petitioner as "a new ground" but does not state a claim for relief from petitioner's judgment of conviction. Instead, petitioner merely expresses his desire for trial by affidavit or by counsel because he does not "want to relive the trauma and be seized." (Id.)

RESPONDENT'S MOTION TO DISMISS

I. Respondent's Arguments and Evidence

   A. State Court Proceedings

In San Joaquin County case number SF068062A, petitioner was convicted of possession of marijuana for sale, in violation of California Health and Safety Code § 11359. He was convicted on May 17, 1996 and on May 29, 1996, was sentenced to a determinate state prison term of two years. (Lodged Doc. 1.)

/////

Petitioner did not file a timely appeal but submitted the following seventeen state post-conviction collateral challenges, some of which were rejected for filing by the state courts:

September 19, 1996: San Joaquin County Municipal Court clerk received petitioner's notice of appeal for filing in case number SF068062A; on September 20, 1996, the clerk sent petitioner a letter notifying him that his notice had been marked "received but not filed" because it was received after the expiration of the sixty day period for filing an appeal in the municipal court. (Lodged Docs. 2-3.)

September 24, 1996: Third District Court of Appeal received copies of petitioner's notice of appeal and the Municipal Court's letter stating that the appeal was untimely; case number C024770 was assigned and the case was deemed complete on May 2, 1998. (Lodged Docs. 4-5.)

November 8, 1996: case number C025127 was assigned when petitioner filed a petition for writ of habeas corpus in the Third District Court of Appeal; the petition was denied without opinion or citation in an order filed November 14, 1996. (Lodged Docs. 6-7.)

December 23, 1996: in case number SF068062A in the San Joaquin County Superior Court, petitioner filed an ex parte motion to accept untimely request to correct an illegally imposed sentence; petitioner alleged ineffective assistance of counsel as well as illegal modification of his sentence; in a written order dated January 16, 1997, and filed January 22, 1997, the court addressed both issues and denied the motion. (Lodged Docs. 8-9.)

April 2, 1997: in San Joaquin County Municipal Court case number SF068062A, petitioner filed a document titled "Ex-Parte Error of Coram Nobis Motion," challenging his sentence and claiming ineffective assistance of counsel; in a letter dated April 10, 1997, the clerk notified petitioner that the motion was denied by Judge Hammerstone and noted that the issue was ruled upon in the January 16, 1997 order denying petitioner's previous ex parte motion. (Lodged Docs. 10-11.)

October 8, 1998: in San Joaquin County Municipal Court case number SF068062A, petitioner filed an application for certificate of probable cause; the application was denied in an order filed the same day. (Lodged Docs. 12-13.)

October 30, 1998: the Third District Court of Appeal received but did not file or assign a case number to a copy of the application for certificate of probable cause sent by petitioner; the copy was returned to petitioner with a letter dated November 3, 1998, advising him that the document was not to be filed with the appellate court. (Lodged Docs. 14-15.)

November 30, 1998: the Kings County Superior Court received from petitioner a petition for writ of mandate and declaratory relief captioned for filing in San Joaquin County Superior Court case number SF068062A. (Lodged Doc. 16.)

January 6, 1999: in San Joaquin County Superior Court case number SF068062A, petitioner filed a petition for writ of mandate and declaratory relief, with a motion for transcripts; the requests were denied on the same day. (Lodged Docs. 17-18.)

March 3, 1999: in the Appellate Department of the San Joaquin County Superior Court in case number SF068062A, petitioner filed a petition for rehearing and application for certification concerning the denial of his motion for transcripts and application for certificate of probable cause; in a written order filed March 23, 1999, the petition and application were denied. (Lodged Docs. 19-20.)

April 5, 1999: in San Joaquin County Municipal Court case number SF068062A, petitioner filed a petition for rehearing and application for certification; the petition was denied on April 19, 1999. (Lodged Docs. 21-22.)

November 17, 1999: case number C034156 was assigned to petitioner's motion for relief from default concerning his untimely appeal; the motion was denied on November 19, 1999. (Lodged Docs. 23-24.)

December 27, 1999: case number C034503 was assigned to petitioner's petition for writ of mandate re belated notice of appeal; the petition was denied on January 13, 2000. (Lodged Docs. 25-26.)

May 1, 2000: case number S087937 was assigned when petitioner filed a petition for writ of mandate in the California Supreme Court; on May 2, 2000, the matter was transferred to the Third District Court of Appeal, where it was filed and assigned case number C035521 on May 3, 2000; the petition was denied on May 18, 2000. (Lodged Docs. 27-29.)

May 30, 2000: case number C035741 was assigned when petitioner filed a petition for writ of mandate or prohibition in the Third District Court of Appeal; the petition was denied on June 8, 2000. (Lodged Docs. 32-33.)

January 4, 2001: a petition for rehearing dated January 4, 2001, was submitted to the California Supreme Court concerning case number S087937; on January 10, 2001, the California Supreme Court informed petitioner that no action could be taken on the matter because it was final upon transfer to the Court of Appeal on May 2, 2000, and could not be reconsidered or reinstated. (Lodged Docs. 30-31.)

December 21, 2004: case number S130103 was assigned when petitioner filed a petition for writ of habeas corpus in the California Supreme Court; the petition was denied without opinion or citation on June 15, 2005. (Lodged Docs. 34-35.)

B. <u>This Court Lacks Jurisdiction to Consider the Judgment Being Challenged</u>

Citing 28 U.S.C. § 2241(c)(3), <u>Carafas v. LaVallee</u>, 391 U.S. 234 (1968), and <u>Peyton v. Rowe</u>, 391 U.S. 54 (1968), respondent asserts that, in order for this court to have jurisdiction over the matter, petitioner must be challenging a judgment for which he was in custody when he filed his federal petition. Petitioner was sentenced in 1996 to a determinate state prison term of two years, and on July 9, 2001, the California Department of Corrections and Rehabilitation discharged petitioner. (Lodged Doc. 71.) The petition in this case was not filed

until June 28, 2005, long after petitioner's "in custody" status ended. Respondent observes that petitioner's "in custody" status ended prior to petitioner filing his first federal challenge to the 1996 conviction on March 28, 2002, in case No. MISC S 02-0095 DFL PAN PS.

Respondent argues that petitioner's attempt to overcome the jurisdictional hurdle by claiming that he continues to suffer collateral consequences from the 1996 conviction because his record affects his career and schooling opportunities and puts him at risk of greater punishment if he re-offends should be rejected. Respondent cites Supreme Court authority holding that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 492 (1989). Citing both Maleng, 490 U.S. at 491, and Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998), as well as decisions of the First and Second Circuits, respondent contends that the alleged restrictions on petitioner's schooling and employment do not constitute the restraint on liberty required to meet the "in custody" requirement. Respondent also relies upon Spencer v. Kemna, 523 U.S. 1, 15 (1998), in which the Supreme Court rejected the proposition that mootness can be overcome by collateral consequences that are contingent on the defendant's violating the law, getting caught, and being convicted.

Respondent concludes that the petition in this case must be dismissed because the court is without jurisdiction to hear the matter.

C. The Petition Is Successive

Respondent notes that petitioner previously filed a federal habeas action that was dismissed without prejudice for failure to exhaust and another that was dismissed without prejudice for failure to comply with a court order. Disregarding petitioner's request for leave to appear by affidavit or by counsel, because the request is not a ground for relief, respondent argues that two of the remaining five claims presented in the pending petition were raised in previous petitions that were dismissed without prejudice and three claims are raised for the first

time in this action. Respondent argues that the new claims render this petition successive. Respondent contends that petitioner therefore cannot proceed without first obtaining from the United States Court of Appeals an order permitting the district court to consider such a petition.

D. The Petition Is Untimely

Respondent next argues that the present petition is barred by the one-year period of limitation. Respondent asserts that judgment of conviction being challenged was entered on May 29, 1996 and became final on July 28, 1996 because petitioner did not file an appeal within 60 days after judgment was entered. Respondent contends that the one-year period of limitation began to run on July 29, 1996 and expired on July 28, 1997, unless the deadline was extended by tolling.

Respondent argues that petitioner is not entitled to statutory tolling for the first two post-conviction applications he filed, i.e., his late notice of appeal and the notice of filing sent to the state appellate court, because these two applications were received but not filed and cannot be considered properly filed state post-conviction petitions.

Respondent states that petitioner's third post-conviction application, i.e., the habeas petition filed in the state appellate court on November 8, 1996, was a properly filed post-conviction petition and that 102 days of the period of limitation ran before the petition stopped the clock and tolled the statute from November 8, 1996, through November 14, 1996.

Respondent argues that petitioner is not entitled to tolling for the period between the appellate court's denial of the third post-conviction application on November 14, 1996, and the filing of petitioner's next application on December 12, 1996, because the fourth application was a motion filed in the superior court. Respondent cites cases holding that tolling is available only when the subsequent collateral action is filed at the next higher state appellate level. Respondent asserts that the statute ran for an additional 27 days between November 15, 1996, and December 11, 1996.

/////

Respondent does not argue that either the fourth or fifth post-conviction application was improperly filed. Because the fifth application was filed before the fourth application was denied, respondent concludes that petitioner is entitled to continuous tolling from December 12, 1996, when the fourth application was filed, through April 10, 1997, when the fifth application was denied.

Respondent asserts that petitioner is not entitled to tolling for the interval between the denial of the fifth post-conviction application on April 10, 1997, and the filing of the sixth application on October 8, 1998, because both applications were filed in the superior court. Respondent argues that the delay between the two filings exceeded seventeen months and was unreasonable under Evans v. Chavis, 546 U.S. ___, 126 S. Ct. 846, 854 (2006). Assuming that the sixth application was filed on September 30, 1996, pursuant to the mailbox rule, respondent calculates that 537 days elapsed between the filing of the fifth and sixth applications.

Adding the 537 days to the 102 days and 27 days the statute had already run, respondent concludes that the statute ran for 666 days before petitioner filed his sixth post-conviction application. Respondent argues that the statute of limitations expired long before petitioner filed his sixth post-conviction application, and neither the sixth application nor any subsequent application had any tolling effect. Respondent contends that the statute of limitations resumed running on April 10, 1997, and ran for the remaining 236 days of the one-year period, expiring on December 2, 1997.

Respondent concludes that this action is barred by the statute of limitations because petitioner did not file his federal petition until years after the statute expired on December 2, 1997.

E. Ground One Should Be Dismissed Because It Fails to Raise a Proper Question

Respondent asserts that the first ground for relief alleged in petitioner's federal habeas petition does not raise a proper question. In this claim, petitioner alleges that the rulings by the various levels of the state courts on post-conviction review violated United States

Supreme Court authority when they found his pleadings non-compliant and defective. Respondent cites Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989), in which the court held that a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.

F. Grounds One and Six Should Be Dismissed for Failure to Exhaust

Finally, respondent asserts that Grounds One and Six of the pending petition are unexhausted claims. Respondent notes that petitioner submitted only one petition for writ of habeas corpus to the California Supreme Court, and that petition raised the claims presented in the pending federal petition as Grounds Two through Five. Respondent contends that the petition should be dismissed because it is a mixed petition containing two unexhausted claims. Respondent asserts that stay and abeyance would not be appropriate in this case because petitioner has not shown good cause for his failure to exhaust claims one and six previously. Respondent argues that it would be futile to dismiss the petition with leave to delete the unexhausted claims because the statute of limitations is a bar to any further proceedings. Accordingly, respondent seeks dismissal of the action with prejudice.

II. Petitioner's Opposition

In opposition to respondent's motion, petitioner asserts erroneously that the court has entered a default against him because his opposition was "delayed." (Pet'r's Opp'n filed Sept. 12, 2006, docketed as #33, at 1.) Petitioner mischaracterizes respondent's motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and asserts that his "exhaustive pleadings and inquiries establish that there is sufficient evidence to reasonable [sic] expect that a jury will return a verdict in his favor" and it is "enough to thwart imposition of summary judgment." (Id. at 1-3.) Petitioner relies on state law and federal rules that are not applicable to habeas proceedings. Petitioner demands that he be allowed to file "an answer" and that his pleadings be liberally construed.

/////

In a separate document presented as a motion for relief from default, petitioner addresses respondent's extensive and detailed arguments in a single sentence: "Where petitioner has indeed 'established jurisdiction,' the petition is NOT 'successive,' 'untimely,' 'unexhausted,' 'and as to ground one' where [it] does indeed state a cognizable 'federal question.'" (Pet'r's Mot. for Relief from Default filed Sept. 12, 2006, docketed as #32, at 1.)

Almost three months after the court granted petitioner a thirty-day extension of time to file opposition to respondent's motion to dismiss, petitioner filed yet another motion that purports to seek relief from default. (Pet'r's Mot. for Relief from Default filed Nov. 28, 2006, docketed as #35.) The motion was submitted with a proposed amended petition. (Pet'r's Proposed Amended Petition filed Nov. 28, 2006, docketed as #36.) In his motion seeking relief from default, petitioner argues incomprehensibly that this action is not barred by the statute of limitations "where this court has already disposed of and granted or conceded the right even under the stricture of AEDPA. Or at least, it could not find any justification or grounds in opposition to support the application of AEDPA to this case." (Pet'r's Mot. #35 at 1.) Petitioner reiterates that the 1996 conviction "will forever expose him" to future criminal proceedings. (Id. at 2.) He describes respondent's motion as "technically correct" but argues that he should not be deprived of a hearing on his claims, that default judgment should be set aside, and that he should be allowed "a trial on the merits." (Id. at 2-3.)

Petitioner was not directed to file an amended petition and offers no reason for filing an amended petition while respondent's motion to dismiss is pending. It does not appear that the proposed amended petition has been submitted for the purpose of curing the defects asserted by respondent. The court will not direct the Clerk to file the proposed amended petition.

ANALYSIS

I. Subject Matter Jurisdiction

A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that

he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). See also 28 U.S.C. § 2241(c)(3). The "in custody" requirement of § 2254 goes to the court's subject-matter jurisdiction. Maleng v. Cook, 490 U.S. 488, 490, 494 (1989) (per curiam); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998).

A habeas corpus petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed. Maleng, 490 U.S. at 490-91 (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492. See also Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir.) ("Maleng foreclosed any argument that collateral consequences could satisfy the in custody requirement for a petition filed after the expiration of the state sentence."), cert. denied sub nom. Resendiz v. Hodgson, ___ U.S. ___, 126 S. Ct. 757 (2005).

The Supreme Court has rejected the argument that a habeas petitioner remains "in custody" under a fully expired conviction "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted."[1] Maleng, 490 U.S. at 492. The "in custody" requirement simply does not extend to a situation where the habeas petitioner suffers no present restraint from the conviction under attack. Id. Put another way, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 403 (2001).

---

[1] In some cases, a fully expired conviction may be subject to challenge in a collateral attack on a subsequent sentence when the latter sentence has been enhanced by the expired conviction. Maleng, 490 U.S. at 493-94, Coss, 531 U.S. at 401-02. However, even under such circumstances a prisoner may challenge an expired conviction in the context of an enhanced subsequent sentence only on very limited grounds. Coss, 531 U.S. at 404-06; Resendiz, 416 F.3d at 959-60.

In the present case, respondent has demonstrated, and petitioner does not deny, that his 1996 conviction was fully expired before he filed this action. Indeed, his 1996 conviction was fully expired prior to March 28, 2002, when petitioner filed his first federal case concerning his 1996 conviction. The undersigned will recommend that this action be dismissed for lack of subject matter jurisdiction because petitioner was not in custody pursuant to his 1996 conviction when he brought this action challenging that conviction.

II. Exhaustion

State courts must have the first opportunity to decide a state prisoner's habeas corpus claims. Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).

In the present case, respondent has demonstrated that the claims presented by the pro se petitioner as his first and sixth grounds for relief were not presented to the California Supreme Court. However, petitioner's first claim should be summarily dismissed because the assertion of errors in the state post-conviction review process does not present a claim cognizable in federal habeas proceedings. See Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). Petitioner's sixth claim should be summarily dismissed because petitioner's request for leave to appear by affidavit or counsel is not a ground for habeas relief. It is undisputed that petitioner's remaining grounds for relief were exhausted by presentation to the state's highest court.

III. Statute of Limitations

A 1-year period of limitation applies to a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run on the date on which the petitioner's judgment of

/////

conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Respondent's motion to dismiss sets forth accurately and comprehensively the details of petitioner's state court proceedings and the running of the one-year statute of limitations. Petitioner does not deny and the undersigned finds that the statute of limitations for the filing of a federal habeas action challenging petitioner's 1996 conviction expired on December 2, 1997. The present case was filed on June 28, 2005, more than seven and a half years after the statute of limitations expired.

Petitioner has not asserted and the record reveals no basis for equitable tolling of the statute of limitations. The statute is subject to such tolling "only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, the record does not demonstrate that extraordinary circumstances beyond petitioner's control made it impossible for him to file a federal habeas petition on or before December 2, 1997.

This action should be dismissed as barred by the statute of limitations.

IV. Petitioner's Motions, Requests, and Proposed Amended Petition

Petitioner's motions for relief from default will be denied to the extent that they are based on petitioner's mistaken belief that default has been entered against him. Petitioner's motions have been considered to the extent that they contain arguments in opposition to respondent's motion to dismiss. Petitioner's request for leave to file an amended petition will be denied because subject matter jurisdiction is lacking and the action is clearly barred by the statute of limitations.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's September 12, 2006 motion for relief from default is denied because no default has been entered;

2. Petitioner's November 28, 2006 motion for relief from default is denied because no default has been entered;

3. Petitioner's request for leave to file an amended petition is denied, and the proposed amended petition submitted on November 28, 2006 will not be filed;

4. The Clerk if directed to amend the docket to reflect that the pleading submitted on November 28, 2006, is a proposed amended petition;

IT IS RECOMMENDED that:

1. Respondent's July 26, 2006 motion to dismiss be granted; and

2. This action be dismissed with prejudice for lack of subject matter jurisdiction and as barred by the statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 15, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
rodr1558.mtd